UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:20-cr-00707-5 |
| | : | |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 356] |
| v. | : | |
| | : | |
| CLAUDIO FUENTES-GIRON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Claudio Fuentes-Giron moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] Fuentes-Giron is currently serving a 63-month sentence after pleading guilty to charges relating to his participation in a large-scale drug distribution conspiracy.

With his motion, Fuentes-Giron argues that his increased COVID-19 risk due to underlying health concerns, as well as inadequate and unconstitutional prison conditions, are extraordinary and compelling reasons warranting relief.

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."[2] However, under 18 U.S.C. § 3582(c)(1)(A), a district court may reduce a defendant's sentence upon a motion from the defendant if the defendant filed the motion thirty or more days after the defendant sent a compassionate release request to their warden.[3]

---

[1] Doc. 356. Defendant Fuentes-Giron's counsel filed a notice of no intent to supplement Fuentes-Giron's motion. Doc. 389. The government opposed Fuentes-Giron's motion for compassionate release. Doc. 396.
[2] *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019); 18 U.S.C. § 3582(c).
[3] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020).

Case No. 1:20-cr-00707-5
GWIN, J.

If a defendant's compassionate releasee motion meets this exhaustion requirement, the court then considers three factors in deciding whether to grant the compassionate release motion. First, the court must decide "whether extraordinary and compelling reasons warrant a sentence reduction."[4] Second, the court must ensure that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[5] Finally, the court must consider all relevant 18 U.S.C. § 3553(a) factors.[6]

Fuentes-Giron has exhausted his administrative remedies.[7] However, he has not shown extraordinary and compelling circumstances warranting relief.

Defendant Fuentes-Giron argues that his medical conditions—diabetes, hypertension, and obesity—increase his risk of COVID-19 infection and are therefore extraordinary and compelling reasons warranting release.[8] However, aside from stating that he has these conditions, Fuentes-Giron has not identified how the BOP fails to provide him adequate medical care. Fuentes-Giron's medical records show that his medical conditions are adequately managed.[9]

Fuentes-Giron cites to precedent from Federal district courts that found that COVID-19 risks, combined with prisoners' similar medical conditions, are extraordinary and compelling circumstances.[10] However, those opinions are distinguishable from Fuentes-Giron's circumstances, as they were all issued at the COVID-19 pandemic's 2020 height.

---

[4] *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (quotation marks omitted).
[5] *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).
[6] *Id.*
[7] Doc. 356-1, PageID #: 2282.
[8] Doc. 356, PageID #: 2277.
[9] For example, Fuentes-Giron recently underwent hernia surgery. Doc. 396-1, PageID #: 2753. And he has received regular COVID-19 tests. *See, e.g., id.*, PageID #: 2673.
[10] Doc. 356-2, PageID #: 2284-86.

Case No. 1:20-cr-00707-5
GWIN, J.

The Centers for Disease Control and Prevention (CDC) announced the federal public health emergency's end last May.[11]

Given that Fuentes-Giron has not shown that FCI Terminal Island is at imminent risk of a COVID-19 outbreak[12] or that its medical facilities are deficient, the Court declines to find extraordinary and compelling circumstances exist for early release. While a future outbreak of COVID-19 is possible, "generalized fears of contracting COVID-19, without more, do not constitute a compelling reason."[13]

Fuentes-Giron also cites his positive rehabilitative efforts and programming while incarcerated. While commendable, these are not extraordinary and compelling reasons for release.[14]

Because Fuentes-Giron offers no extraordinary and compelling reasons for compassionate release, the Court need not consider the 18 U.S.C. § 3553(a) statutory sentencing factors.[15]

So, for the foregoing reasons, the Court **DENIES** Defendant Fuentes-Giron's motion for compassionate release.

IT IS SO ORDERED.

Dated: March 5, 2024       *s/      James S. Gwin*
                            JAMES S. GWIN
                            UNITED STATES DISTRICT JUDGE

---

[11] *See* U.S. Dep't of Health & Human Servs., *End of Public Health Emergency*, CDC.gov, https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html (last updated Sept. 12, 2023).
[12] *See* Fed. Bureau of Prisons, *Inmate COVID-19 Data* (Mar. 5, 2024), https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp.
[13] *United States v. Ramadan*, No. 20-1450, 2020 WL 5758015, at *2 (6th Cir. Sept. 22, 2020).
[14] *United States v. Hunter*, 12 F.4th 555, 572 (6th Cir. 2021) (citing 28 U.S.C. § 994(t)) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").
[15] *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").